1  MICHAEL K. PLIMACK (Bar No. 133869)
   CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
2  HELLER EHRMAN LLP
3  333 Bush Street
   San Francisco, CA 94104-2878
4  Telephone: (415) 772-6000
   Facsimile: (415) 772-6268
5
   Attorneys for Plaintiff
6  DEPOMED, INC.

7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
                                              C 06 0100
12  DEPOMED, INC., a California corporation,    Case No.:

13                              Plaintiff,     **COMPLAINT FOR PATENT INFRINGEMENT**
14       v.
                                               **DEMAND FOR JURY TRIAL**
15  IVAX CORPORATION, a Florida corporation, and
16  IVAX PHARMACEUTICALS, INC., a Florida corporation,

17
                                Defendants.
18

19

20       Plaintiff DEPOMED, INC. ("Depomed") alleges as follows:

21                              **PARTIES**

22       1.   Plaintiff Depomed is a California corporation with its principal place of business in
23  Menlo Park, California.

24       2.   Upon information and belief, Defendant IVAX Corporation is a Florida corporation
25  with its principal place of business in Miami, Florida.

26       3.   Upon information and belief, Defendant IVAX Pharmaceuticals, Inc. is a Florida
27  corporation with its principal place of business in Miami, Florida.

28

COMPLAINT FOR PATENT INFRINGEMENT

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, and jurisdiction is founded on Title 28 of the United States Code, Sections 1331 and 1338.

5. Venue is proper in this district pursuant to Title 28 of the United States Code, Sections 1391(b), 1391(c), and 1400.

## INTRADISTRICT ASSIGNMENT

6. Pursuant to Local Rule 3-2(c), this action is to be assigned on a district-wide basis, and Depomed therefore has not listed a division in this Complaint.

## FACTUAL BACKGROUND

7. Depomed was incorporated on August 7, 1995 and is the successor to Depomed Systems, Inc., which was founded in 1990 to develop and commercialize advanced drug delivery technologies for achieving controlled delivery of orally administered drugs over extended time periods. Controlled drug delivery provides many benefits, including better control of drug concentration in the blood, improved safety and efficacy, improved patient compliance, ease of use, and improved side effect profiles.

8. Depomed and its predecessor focused research efforts on the development of a gastric retentive drug delivery system, known as the GR™ System. The GR™ System was designed to allow a patient to swallow a conventional-sized pill that swells in the stomach during the fed mode. The pill is then retained in the stomach for an extended period of time, to provide continuous, controlled delivery of the incorporated drug to the stomach and upper gastrointestinal tract, where it may be optimally absorbed. At the same time, through controlled delivery, the GR™ System avoids the typical over/under-dosing effect of traditional pills and capsules.

9. The founder of both Depomed and its predecessor, Dr. John W. Shell, filed a series of patent applications from 1989 through 1997, and thereafter, directed to gastric retentive and other drug delivery products and systems invented by Dr. Shell and other employees of Depomed.

## FIRST CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,340,475)

10. Depomed realleges and incorporates by reference paragraphs 1 through 9.

2

COMPLAINT FOR PATENT INFRINGEMENT

11. On January 22, 2002, United States Patent No. 6,340,475 ("the '475 patent") was duly and legally issued. Depomed is the assignee of and exclusive owner of all rights to and under the '475 patent. A true and correct copy of the '475 patent is attached hereto as Exhibit A.

12. Upon information and belief, Defendants IVAX Corporation and IVAX Pharmaceuticals, Inc. (collectively, "IVAX") have infringed one or more claims of the '475 patent by making, using, offering for sale, selling, causing to be sold, and/or importing IVAX's Metformin HCl ER products.

13. Unless IVAX is enjoined from infringing the '475 patent, Depomed will suffer irreparable injury.

14. Depomed has suffered damage from this infringement and will continue to suffer damage and impairment of the value of its patent rights until IVAX is enjoined from continuing its infringement of the '475 patent.

15. Upon information and belief, IVAX's infringement of the '475 patent has been willful.

## SECOND CLAIM FOR RELIEF

(Infringement of U.S. Patent No. 6,635,280)

16. Depomed realleges and incorporates by reference paragraphs 1 through 9.

17. On October 21, 2003, United States Patent No. 6,635,280 ("the '280 patent") was duly and legally issued. Depomed is the assignee of and exclusive owner of all rights to and under the '280 patent. A true and correct copy of the '280 patent is attached hereto as Exhibit B.

18. Upon information and belief, IVAX has infringed one or more claims of the '280 patent by making, using, offering for sale, selling, causing to be sold, and/or importing IVAX's Metformin HCl ER products.

19. Unless IVAX is enjoined from infringing the '280 patent, Depomed will suffer irreparable injury.

20. Depomed has suffered damage from this infringement and will continue to suffer damage and impairment of the value of its patent rights until IVAX is enjoined from continuing its infringement of the '280 patent.

COMPLAINT FOR PATENT INFRINGEMENT

21.     Upon information and belief, IVAX's infringement of the '280 patent has been willful.

## PRAYER FOR RELIEF

Wherefore, Depomed prays for judgment and relief as follows:

a.     That the Court enter judgment that IVAX has infringed and is infringing one or more claims of the '475 and '280 patents;

b.     That the Court issue a permanent injunction restraining and enjoining IVAX, its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from further infringement of the claims of the '475 and '280 patents;

c.     That the Court award damages, together with prejudgment interest, to compensate Depomed for IVAX's infringement of the claims of the '475 and '280 patents;

d.     That the Court determine that IVAX's infringement has been willful and that this is an exceptional case under 35 U.S.C. § 285, and award to Depomed treble damages and attorneys' fees;

e.     For costs of suit pursuant to 35 U.S.C. § 284; and

f.     For such other and further relief as the Court deems proper.

January 9, 2006

HELLER EHRMAN LLP

By _____
MICHAEL K. PLIMACK

Of Counsel:     Ed Mandell
20588 Debbie Lane
Saratoga, CA 95070

Attorneys for Plaintiff
DEPOMED, INC.

4
COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

Depomed hereby demands a trial by jury as to all issues triable by a jury.

January 9, 2006                                    HELLER EHRMAN LLP

                                                   By _____
                                                          MICHAEL K. PLIMACK

                                                   Attorneys for Plaintiff
                                                   DEPOMED, INC.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Biovail Laboratories International SRL (a wholly-owned subsidiary of Biovail Corporation and owner of more than 10% of the stock of Depomed) and Kopp Investment Advisors, LLC and individuals and entities associated with it (upon information and belief, owners of more than 10% of the stock of Depomed).

January 9, 2006                                    HELLER EHRMAN LLP

                                                   By _____
                                                          MICHAEL K. PLIMACK

                                                   Attorneys for Plaintiff
                                                   DEPOMED, INC.