MICHAEL K. PLIMACK (Bar No. 133869)
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
ELENA M. DIMUZIO (Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
Telephone: (415) 772-6000
Facsimile: (415) 772-6268
Email: Michael.Plimack@hellerehrman.com
Christine.Haskett@hellerehrman.com
Elena.Dimuzio@hellerehrman.com

Attorneys for Plaintiff
DEPOMED, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEPOMED, INC., a California corporation,

Plaintiff,

v.

IVAX CORPORATION, a Florida corporation, and IVAX PHARMACEUTICALS, INC., a Florida corporation,

Defendants.

Case No.: C-06-0100 CRB

**~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER**

In an effort to facilitate discovery in this matter, Plaintiff Depomed, Inc. ("Depomed") and Defendants IVAX Corporation and IVAX Pharmaceuticals, Inc. (collectively, "IVAX") stipulate as follows:

1. All information, testimony, documents, or things produced or given (by a party or by a non-party) as part of discovery in this action shall be governed by this Stipulated Protective Order. This Protective Order permits the parties and non-parties to designate material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as "CONFIDENTIAL INFORMATION").

2. *CONFIDENTIAL designation.* A party or non-party ("the Designating Party") may designate as "CONFIDENTIAL" that portion of any CONFIDENTIAL INFORMATION that is or contains confidential research, development, financial, technical, marketing, product planning, personal, or commercial information of the Designating Party.

3. *CONFIDENTIAL—ATTORNEYS' EYES ONLY designation.* A party or non-party may designate as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" that portion of any CONFIDENTIAL INFORMATION that is or contains confidential research, development, financial, technical, marketing, product planning, personal, or commercial information that the Designating Party believes in good faith contains highly sensitive information that, if disclosed to persons other than those listed in paragraph 6, is likely to cause substantial competitive harm that cannot be prevented through the use of less restrictive means.

4. CONFIDENTIAL INFORMATION shall be designated as follows:

a. documents provided by a party or non-party containing CONFIDENTIAL INFORMATION shall be designated by marking the first page of each such document and each page or pages on which such information appears with the following legends, or equivalent thereof: "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY";

b. documents provided by one party to the other for inspection and containing CONFIDENTIAL INFORMATION may be designated orally prior to or during inspection by counsel for the producing party as containing CONFIDENTIAL INFORMATION, thereby making them subject to this Order. Copies of such documents shall be marked with the appropriate legend

by the producing party when they are supplied to inspecting counsel, or as soon as practicable thereafter. Until the producing party marks the documents with the appropriate legend, such information shall be treated as information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY;

      c.    deposition testimony that comprises CONFIDENTIAL INFORMATION may be designated as such by indicating on the record at the deposition that the specific testimony is subject to the provisions of this Order or by doing so in writing to the other parties within fifteen (15) days after the transcript of the deposition has been sent to counsel for the parties by the Court reporter. All information revealed during a deposition, unless otherwise agreed to by the parties in writing or on the record, shall be treated as CONFIDENTIAL INFORMATION marked as CONFIDENTIAL—ATTORNEYS' EYES ONLY information during the deposition and for a period of fifteen (15) days after the deposition transcript has been sent to counsel for all parties by the Court reporter.

      d.    discovery requests or responses, or affidavits, briefs, or other papers filed with the Court and containing CONFIDENTIAL INFORMATION may be designated as such by prominently marking the cover with the appropriate legend;

      e.    tangible objects constituting or containing CONFIDENTIAL INFORMATION may be designated as such by affixing to the object or its container at the time of production a label or tag marked with the appropriate legend;

      f.    in the case of inspection of premises, the producing party shall inform each inspecting party which of those areas to be inspected it believes will disclose CONFIDENTIAL INFORMATION at or before the time of inspection.

    5.    All CONFIDENTIAL INFORMATION produced or exchanged in the course of this litigation shall be used solely for the purpose of preparing for and conducting this litigation, including trials and appeals, if any, and shall not be used in any other civil action or for any other purpose. CONFIDENTIAL INFORMATION shall not be made public by the receiving party or disclosed to persons not entitled to access under this Protective Order.

6. Access to or dissemination of CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be limited by the receiving party to:

    a. outside litigation counsel for the receiving party in this litigation and their firm staff, including attorneys, paralegals, secretaries and support staff whose function requires access to CONFIDENTIAL INFORMATION. Outside litigation counsel for Depomed includes Heller Ehrman LLP and Ed Mandell. Outside litigation counsel for IVAX includes Mayer, Brown, Rowe & Maw LLP. If there are any changes in the outside counsel representing a receiving party, that party shall so notify the producing party at least seven (7) calendar days before making the producing party's CONFIDENTIAL INFORMATION available to new counsel;

    b. independent experts and consultants retained by a receiving party or counsel of record in connection with this lawsuit (and their assistants and clerical staff), provided that before the CONFIDENTIAL INFORMATION is disclosed:

        (i) counsel for the producing party who designated the information as CONFIDENTIAL INFORMATION has been served with a written notice identifying the expert or consultant, that person's current business affiliations (including any affiliations as an expert, consultant, advisor, or similar role), and any known present or former relationships between that person and any party, and enclosing a copy of that person's current curriculum vitae, including a list of publications;

        (ii) the producing party does not object in writing, within seven (7) calendar days of the receipt of the written notice of sub-paragraph (b)(i) of this paragraph, to the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant. Failure to object during said seven (7) calendar day period shall be deemed approval of the disclosure of CONFIDENTIAL INFORMATION to the expert or consultant. If a producing party provides written objection pursuant to this subpart, that party's CONFIDENTIAL INFORMATION shall not be disclosed to the receiving party's expert or consultant unless and until the matter is resolved by agreement of the parties or by an order of the Court. If the parties are unable to reach agreement within seven (7) calendar days after receipt of an objection to disclosure to a receiving party's

expert or consultant, the receiving party may file a motion for an order that access to CONFIDENTIAL INFORMATION be granted to the proposed expert or consultant; and

    (iii)  the expert or consultant executes an Undertaking in the form annexed hereto as Exhibit A, thereby agreeing to be bound by this Protective Order and to use such CONFIDENTIAL INFORMATION solely for the purpose of this litigation and to not disclose any CONFIDENTIAL INFORMATION to persons other than those specifically authorized by this Order;

  c.  independent litigation support service personnel, including interpreters, translators, and personnel at copying services, imaging services and coding services;

  d.  court personnel, including any stenographic reporters, law clerks, paralegals, secretarial, clerical and other court personnel;

  e.  an officer before whom a deposition is taken, including stenographic reporters and any secretarial, clerical, or other lay personnel assisting such officer; and

  f.  the Court or jury in this action.

  7.  Access to or dissemination of CONFIDENTIAL INFORMATION designated as "CONFIDENTIAL" shall be limited by the receiving party to the persons listed in paragraph 6 above and the following listed current employees of the receiving party: for Depomed, Bret Berner, John Fara, John Hamilton, and Carl Pelzel; and for IVAX, David Stark and Oded Yaari.

  8.  The persons entitled to have access to CONFIDENTIAL INFORMATION pursuant to the terms of paragraphs 6 and 7 shall not make available such CONFIDENTIAL INFORMATION to any person other than (i) those persons entitled to such access pursuant to the terms of paragraphs 6 and 7, or (ii) the party who produced the CONFIDENTIAL INFORMATION. With respect to a document or thing designated as containing CONFIDENTIAL INFORMATION, a person indicated on the face of the document or thing to be its originator, author, or recipient of a copy thereof or where it is otherwise established at deposition and/or to the satisfaction of both parties that the person had access to the document or thing prior to its production in this litigation, may be shown that document or thing.

9. When a party seeks to submit documents to the Court that have been designated as CONFIDENTIAL INFORMATION by another party, or that quote or refer to the substance of any such CONFIDENTIAL INFORMATION, the submitting party shall bring a motion to file such documents under seal according to the procedures set forth in Local Rule 79-5 and shall lodge the documents containing the CONFIDENTIAL INFORMATION in accordance with Local Rule 79-5(c). When a party seeks to submit documents to the Court that have been designated as CONFIDENTIAL INFORMATION by the submitting party, the submitting party may, in its discretion, bring a motion to file such documents under seal according to the procedures set forth in Local Rule 79-5. When a submitting party declines to seek an order sealing documents submitted to the Court containing its own CONFIDENTIAL INFORMATION, the submitted material will no longer qualify for protection as CONFIDENTIAL INFORMATION under this Protective Order.

10. In the event that any CONFIDENTIAL INFORMATION is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the CONFIDENTIAL INFORMATION shall not lose its status as CONFIDENTIAL INFORMATION through such use. Prior to such pre-trial proceeding, the party intending to use such CONFIDENTIAL INFORMATION shall notify the designating party of its intention. Upon such notification, the parties shall meet and confer, and the party seeking to use the CONFIDENTIAL INFORMATION shall take all steps reasonably required to protect the confidentiality of the CONFIDENTIAL INFORMATION during such use, including, but not limited to, requesting *in camera* proceedings. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of documents at trial. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of CONFIDENTIAL INFORMATION at trial.

11. Documents and things designated as containing CONFIDENTIAL INFORMATION and any copies or extracts thereof, shall be retained by the receiving party in the custody of the attorneys of record during the pendency of this action, except as reasonably necessary to provide access to persons authorized under the provisions of this Stipulated Protective Order. Any person who receives any CONFIDENTIAL INFORMATION shall maintain such material in a secure and

safe area and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

12. Nothing in this Order shall bar or otherwise restrict any attorney for a receiving party from rendering appropriate advice to the client with respect to this litigation, and in the course of rendering such advice, referring to or relying generally on the substance of CONFIDENTIAL INFORMATION reviewed; provided, however, that in rendering such advice and in otherwise communicating with the client, the attorney shall not disclose the contents of CONFIDENTIAL INFORMATION received.

13. Nothing in this Order shall be construed as a limitation on a party's ability to show materials designated by that party as CONFIDENTIAL INFORMATION to whomever the Designating Party may deem appropriate, nor will it be construed as a limitation on a party's ability to show materials designated by another party as CONFIDENTIAL INFORMATION to that Designating Party, including any present employee thereof.

14. A receiving party shall not be obligated to challenge the propriety of a CONFIDENTIAL INFORMATION designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party disagrees with a designation of information as CONFIDENTIAL INFORMATION, the parties shall try first to dispose of such dispute in good faith and on an informal basis. If the dispute cannot be resolved, any party may seek appropriate relief from this Court. If such relief is requested from the Court, it shall be the burden of the Designating Party to establish that the contested material is confidential and is entitled to the level of confidentiality selected by the Designating Party. The information underlying the dispute shall be treated as CONFIDENTIAL INFORMATION until the Court enters a ruling resolving the dispute.

15. If a party, through inadvertence, produces or discloses any CONFIDENTIAL INFORMATION without designating, labeling, marking or otherwise indicating it as such in accordance with the provisions of this Stipulated Protective Order, the producing party will not be deemed to have waived confidentiality, as to that information, provided that, as soon as reasonably possible after becoming aware of the inadvertent failure to mark, the producing party gives written

notice to the receiving party that the document or thing produced is deemed CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Order. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as CONFIDENTIAL INFORMATION. The receiving party must thereafter treat such documents and things as CONFIDENTIAL INFORMATION and must make reasonable attempts to retrieve CONFIDENTIAL INFORMATION previously disclosed to persons not entitled to such access. Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof.

16. Any request by a party for an order permitting disclosure of CONFIDENTIAL INFORMATION to persons to whom disclosure of such information would otherwise be prohibited hereunder shall be denied unless good cause is shown.

17. No provision of this Protective Order shall be deemed to waive any applicable privilege or work-product protection or to affect the ability of a party to seek relief for inadvertent disclosure of material protected by privilege or work-product protection. If a party, through inadvertence, produces or discloses any document or information that it believes is subject to any privilege or immunity, *e.g.*, the attorney-client privilege or work product immunity, such production shall not be deemed a waiver of any such privilege or immunity when the producing party gives written notice to the receiving party that the document or information produced is deemed privileged or immune and requests the return or destruction of the document or information. Upon receipt of such written notice, the receiving party shall promptly return to the producing party or destroy the original, all copies, and any portions of notes, papers, summaries or other instruments that comprise, embody, summarize, discuss or quote from documents or things for which the attorney-client privilege or work product immunity is asserted. Subsequent to such written notice, no use shall be made of such documents, including during depositions or at trial, nor shall they be shown to anyone.

18. Within sixty (60) days after the termination of this litigation including all appeals thereof, each party shall assemble all documents, objects, and other material furnished and designated as containing CONFIDENTIAL INFORMATION, all reproductions thereof, and all

documents incorporating CONFIDENTIAL INFORMATION, and shall either (i) return such CONFIDENTIAL INFORMATION to the producing party, or (ii) destroy such CONFIDENTIAL INFORMATION. The attorneys of record for each receiving party shall be entitled to retain a copy of all pleadings, motion papers, discovery responses, deposition and trial transcripts, exhibits, legal memoranda, correspondence, attorney work product, and any other documents related to this litigation, provided said attorney and the employees of said attorney shall not disclose any CONFIDENTIAL INFORMATION of a producing party except as compelled by law and after reasonable notice to the producing party.

19. The terms of the Stipulated Protective Order shall survive the final termination of this civil action except to the extent that any CONFIDENTIAL INFORMATION becomes known to the public.

20. The terms of this Stipulated Protective Order shall be applicable to the information of any third party who produces information which is designated by such third party as containing CONFIDENTIAL INFORMATION. If CONFIDENTIAL INFORMATION in the possession of a party is the subject of a confidentiality obligation to a third party, the third party will be given the opportunity to object or to appear before the Court before the CONFIDENTIAL INFORMATION is produced. The party from whom a third party's CONFIDENTIAL INFORMATION is requested shall notify the requesting party of the identity of the third party. Thereafter, it shall be the requesting party's obligation to notify the third party, with a copy of the notice to the producing party, of the following: (1) that its CONFIDENTIAL INFORMATION has been requested in the litigation; (2) that the third party shall have 14 days to make a written objection to the producing party to prevent its CONFIDENTIAL INFORMATION from being produced; and (3) that the third party shall thereafter have an additional 14 days to make or request an appearance before the Court to prevent its CONFIDENTIAL INFORMATION from being produced. The third party's CONFIDENTIAL INFORMATION shall be produced unless the third party makes a written objection to the producing party within 14 days of such notice and makes or requests an appearance before the Court within an additional 14 days.

21.     Any person receiving CONFIDENTIAL INFORMATION under the terms of this Protective Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

22.     Unless the parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose, and adherence to this Protective Order in no way constitutes an admission by any party that any information designated pursuant to this Protective Order is or is not proprietary, confidential, or a trade secret. In addition, adherence to this Protective Order in no way constitutes a waiver of any party's right to object to any discovery requests or admission of evidence on any grounds.

23.     This Stipulated Protective Order and the parties' agreements and obligations hereunder shall not prevent either party from applying to the Court for further or additional protective orders, for modification of any of the terms and provisions of this Protective Order, or from agreeing between themselves to a modification of this Protective Order, subject to the approval of the Court, or from presenting to the Court any matter relating to this Protective Order.

IT IS SO STIPULATED.

Dated: June 14, 2006

HELLER EHRMAN LLP

By /s/ Christine Saunders Haskett
CHRISTINE SAUNDERS HASKETT

Of Counsel: Ed Mandell
Law Offices of Edward L. Mandell
20588 Debbie
Suite 204
Saratoga, CA 95070

Attorneys for Plaintiff
DEPOMED, INC.

Dated: June 14, 2006

MAYER, BROWN, ROWE & MAW LLP

By /s/ William Healey
WILLIAM HEALEY

Attorneys for Defendants
IVAX CORPORATION and
IVAX PHARMACEUTICALS, INC.

Having deemed that the stipulation set forth herein is necessary, appropriate, and will facilitate discovery, IT IS SO ORDERED.

Dated: June 15, 2006

CHARLES R. BREYER
United States District

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
IT IS SO ORDERED
Judge Charles R. Breyer

**ECF CERTIFICATION**

I, Christine Saunders Haskett, am the ECF User whose identification and password are being used to file this Stipulated Protective Order. In compliance with General Order 45.X.B, I hereby attest that William Healey has concurred in this filing.

DATED: June 14, 2006

HELLER EHRMAN LLP

By /s/ Christine Saunders Haskett

Attorneys for Plaintiff
DEPOMED, INC.

EXHIBIT A

STIPULATED PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPOMED, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IVAX CORPORATION, a Florida corporation, and IVAX PHARMACEUTICALS, INC., a Florida corporation,<br><br>Defendants. | Case No.: C-06-0100 CRB<br><br>**UNDERTAKING** |

I, ______________________________, declare:

1. My address is ____________________________________________________.

2. My present employer is ______________________ and the address of my present employment is ______________________________________.

3. My present occupation or job description is ______________________________.

4. I have carefully read and understand the provisions of the Stipulated Protective Order entered in this action.

5. I will comply with and be bound by the provisions of the Stipulated Protective Order.

6. I will hold in confidence, will not disclose to anyone not authorized by the Stipulated Protective Order, and will not use for any purpose other than this litigation, any CONFIDENTIAL INFORMATION or any words, summaries, abstracts, or indices of CONFIDENTIAL INFORMATION disclosed to me except as provided for by the Order.

7. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on ________________ (date) at ________________________________.

_________________________________