**United States District Court**
For the Northern District of California

1     a.    How large must a dosage form be to promote retention in the stomach in the

2        fed state?  Can an object be smaller than the pyloric diameter (in the fed state)

3        and still promote retention?  What evidence in the record supports the assertion

4        that a dosage form of a particular size promotes retention?

5     b.    At what time following immersion or ingestion is it critical that the drug form

6        achieve a size sufficient to promote retention?

7  2.    The phrase "about 15:85 to about 80:20" of claim 1 is directed to the <u>ratio</u> between the

8        drug weight and the polymer weight, not solely to the polymer content.  Given that the

9        term "about" modifies a ratio, and not the absolute weight of the polymer content, the

10       construction of that term should depend neither on a calculation solely factoring the

11       polymer content, nor on a regulation directed to the tolerance for the polymer content

12       in an approved product having a fixed, approved composition.  How, then, would a

13       person skilled in the art of drug dosage formulations understand the <u>ratio</u> to be

14       modified by the term "about"?

15  3.    Are <u>artificial</u> gastric fluids different from <u>simulated</u> gastric fluids?  Describe the

16       difference, if any, in a manner that can support a claim construction.

17  4.    Does Depomed restrict the meaning of gastric fluid in claim 1 to only artificial or

18       simulated gastric fluids and disclaim a meaning of fluid in the human stomach?  And

19       does this restricted meaning apply to claim 1 of both patents?

20     **IT IS SO ORDERED.**

21

22

23  Dated: November 14, 2006          CHARLES  R. BREYER
                               UNITED STATES DISTRICT JUDGE

24

25

26

27

28