IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPOMED, INC., | No. C 06-0100 CRB |
| Plaintiffs, | **ORDER** |
| v. | |
| IVAX CORPORATION and | |
| IVAX PHARMACEUTICALS, INC. | |
| Defendants. | |

Oral argument on the claim construction hearing is scheduled for hearing at 2:00 p.m. on November 16, 2006. Each side will be permitted thirty minutes for argument. At oral argument, the parties should focus their discussion on the following questions:

1. The written descriptions disclose that "particles greater than the size of the pylorus are retropelled and retained in the stomach," '475 patent at 11:65-67; '280 patent at 11:66-12:1. In light of these disclosures, why should the two phrases (i) "a size large enough to promote retention in the stomach during said fed mode," '475 patent at claim 1, and (ii) "a size exceeding the pyloric diameter in the fed mode to promote retention in the stomach during said fed mode," '280 patent at claim 1, be given different constructions?

a. How large must a dosage form be to promote retention in the stomach in the fed state?  Can an object be smaller than the pyloric diameter (in the fed state) and still promote retention?  What evidence in the record supports the assertion that a dosage form of a particular size promotes retention?

b. At what time following immersion or ingestion is it critical that the drug form achieve a size sufficient to promote retention?

2. The phrase "about 15:85 to about 80:20" of claim 1 is directed to the <u>ratio</u> between the drug weight and the polymer weight, not solely to the polymer content.  Given that the term "about" modifies a ratio, and not the absolute weight of the polymer content, the construction of that term should depend neither on a calculation solely factoring the polymer content, nor on a regulation directed to the tolerance for the polymer content in an approved product having a fixed, approved composition.  How, then, would a person skilled in the art of drug dosage formulations understand the <u>ratio</u> to be modified by the term "about"?

3. Are <u>artificial</u> gastric fluids different from <u>simulated</u> gastric fluids?  Describe the difference, if any, in a manner that can support a claim construction.

4. Does Depomed restrict the meaning of gastric fluid in claim 1 to only artificial or simulated gastric fluids and disclaim a meaning of fluid in the human stomach?  And does this restricted meaning apply to claim 1 of both patents?

**IT IS SO ORDERED.**

Dated: November 14, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE