United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPOMED, INC., | No. C-06-0100 CRB (JCS) |
| Plaintiff(s), | |
| v. | **ORDER RE IN CAMERA REVIEW RELATING TO MOTION TO COMPEL** [Docket Nos. 103/105] |
| IVAX CORPORATION, ET AL., | |
| Defendant(s). | |
| _____/ | |

The Court received a joint letter dated May 23, 2007, in which Defendant seeks to compel the Plaintiff to produce copies of a memorandum denominated the "Heines Memo" ( the "Motion to Compel") [Docket Nos. 103/105]. The Court has reviewed the Heines Memo *in camera*, as well as a cover memo from John W. Shell to Dr. Peter Timmins at Bristol-Myers Squibb ("BMS") dated April 16, 1997 (the "Cover Memo") that accompanied the delivery of the Heines Memo to BMS.

Plaintiff transmitted the Heines Memo to BMS. Defendant asserts that this waived the attorney-client privilege for the Heines Memo and related documents. Plaintiff argues that there was no such waiver because of the existence of a common-interest privilege in this case. *See, e.g., Hewlett-Packard Co. v. Bausch & Lomb Inc.*, 115 F.R.D. 308, 310-12 (N.D. Cal. 1987). In order to show a common-interest privilege, Plaintiff must demonstrate a common goal and that the documents or communications in question further that common interest. *See U.S. v. Bergonzi*, 216 F.R.D. 487, 496 (N.D. Cal. 2003).

Here, Plaintiff and BMS entered into a joint development agreement dated July 11, 1996. This joint development interest clearly created common goals. The only question that remains is whether the communication of the Heines Memo was in furtherance of those goals. Having

reviewed the Cover Memo and the Heines Memo *in camera*, the Court finds that the Heines Memo was communicated to BMS to further the parties' common interest. Accordingly, there was no waiver of the attorney-client privilege by communication of the Heines Memo to BMS by Plaintiff.[1] For all of the foregoing reasons, the Motion to Compel is DENIED.

IT IS SO ORDERED.

Dated: June 19, 2007

JOSEPH C. SPERO
United States Magistrate Judge

---

[1] Nor was there any waiver due to production of these documents in discovery, either in this case or in any other case. In a previous case, Plaintiff produced the documents in question to BMS – who had every right to review them without waiver under the common-interest privilege. In the instant case, the parties have specifically agreed that the inadvertent production of privileged documents will not constitute a waiver.