IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPOMED, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IVAX CORPORATION, a Florida corporation, and IVAX PHARMACEUITICALS., INC., a Florida corporation,<br><br>Defendants. | No. C 06-0100 CRB<br><br>**ORDER RE: QUESTIONS FOR SUMMARY JUDGMENT** |

The summary judgment hearing is scheduled for 2:30 p.m. on November 20, 2007. At oral argument, the parties should address the following questions:

1. To Ivax: Ivax contends that the element "dissolution and diffusion" in claim 1 should be construed under the plain language of the term to mean "dissolution of the drug in the matrix by the gastric fluid and diffusion of the drug out of the matrix." Since all means of drug release from the matrix inherently include dissolution and diffusion, Ivax's construction includes dissolution-controlled, diffusion-controlled, and swelling-controlled release mechanisms. However, the specification states that the drug is released "primarily by diffusion" and that "[t]he rate-limiting factor in the release . . . is controlled diffusion."

Furthermore, dissolution-controlled release could not accomplish the *controlled* release of a highly soluble drug, as recited in the other elements of claim 1. Is it not therefore implicit or inherent within both the claim and the specification that drug release must be diffusion-controlled? Please explain.

2. To Depomed: Depomed contends that the "dissolution and diffusion" element is limited to only diffusion-controlled mechanisms. However, the plain language of the claim does not distinguish between release mechanisms. In this specific case, what authority compels or requires the Court to look past the plain language when construing the claim. Please explain.

3. Ivax admits that it infringes under Ivax's broad construction of "dissolution and diffusion" but claims that Depomed did not present proof that Ivax infringes under Depomed's narrower construction of diffusion-controlled release. However, Depomed presented experimental evidence and expert testimony that Ivax's product exhibits diffusion-controlled release. What evidence in the record does Ivax claim rebuts Depomed's evidence?

4. The '837 patent teaches drug forms that swell and remain substantially intact. But the Dow reference teaches drug forms that erode. What evidence in the record suggests that one of skill in the art would combine the references with a reasonable expectation of success of producing a drug form that swells and remains substantially intact for about 8 h until substantially all of the drug is released?

Each side will be permitted no more than 30 minutes for argument.

**IT IS SO ORDERED.**

Dated: November 19, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE