SUTHERLAND ASBILL & BRENNAN LLP
JOHN L. NORTH (Admitted Pro Hac Vice)
JEFFREY J. TONEY (Admitted Pro Hac Vice)
WILLIAM F. LONG (Admitted Pro Hac Vice)
JACKIE L. TONEY (Admitted Pro Hac Vice)
LESLIE K. SLAVICH (Admitted Pro Hac Vice)
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
Telephone: (404) 853-8000
Facsimile: (404) 853-8806
Email: John.North@sablaw.com
       Jeffrey.Toney@sablaw.com
       Bill.Long@sablaw.com
       Jackie.Toney@sablaw.com
       Leslie.Thomasson@sablaw.com

GOODWIN PROCTER LLP
FORREST A. HAINLINE III (Bar No. 64166)
SUSANNE N. GERAGHTY (Bar No. 218098)
Three Embarcadero Center, 24th Floor
San Francisco, CA 94111
Telephone: (415) 733-6000
Facsimile: (415) 677-9041
Email: fhainline@goodwinprocter.com
       sgeraghty@goodwinprocter.com

Attorneys for Defendants
IVAX, CORPORATION and
IVAX PHARMACEUTICALS, INC.

**PUBLIC VERSION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPOMED, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>IVAX CORPORATION, a Florida corporation, and IVAX PHARMACEUTICALS, INC., a Florida corporation,<br><br>Defendants. | **NO. C 06-00100 CRB**<br><br>**DEFENDANTS' ALTERNATIVE MOTION TO REOPEN DISCOVERY AND POSTPONE THE TRIAL, OR PRECLUDE EVIDENCE OF DAMAGES BEFORE DECEMBER 15, 2005**<br><br>Judge: Hon. Charles R. Breyer<br>Date: February 29, 2008<br>Time: 10:00 a.m.<br>Place: Courtroom 8, 19th Floor |

# TABLE OF CONTENTS

Table of Authorities..................................................................................................................ii

I.  BACKGROUND AND SUMMARY .............................................................................. 1

II. THE COURT SHOULD STRIKE DEPOMED'S NEW DISCLOSURES AND EXCLUDE ALL EVIDENCE OF DAMAGES BEFORE DECEMBER 15, 2005............ 4

   A. The Patent Marking Statute.................................................................................. 4

   B. Depomed's Licensee Did Not Mark the Product Covered By Depomed's Patents. ................................................................................................................. 6

   C. Depomed's Documents Show Without Fair Dispute That Depomed First Gave Ivax Notice of Infringement on December 15, 2005 ................................... 6

III. DEPOMED'S POST CLOSE-OF-DISCOVERY AMENDMENTS TO ITS SWORN TESTIMONY AND IDENTIFICATION OF NEW WITNESSES UNFAIRLY PREJUDICES IVAX ................................................................................... 8

   A. Unless the Court Excludes Evidence of Damages Before December 15, 2005, Ivax Should Be Permitted to Take Additional Discovery........................... 10

   B. The Current Trial Date Should Be Vacated If the Court Were Inclined, At This Time, to Permit Depomed to Introduce Evidence of Pre-December 15, 2005 Damages. ..................................................................................................... 12

IV. CONCLUSION ................................................................................................................ 14

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Amsted Industrial v. Buckeye Steel Casings Co.*, 24 F.3d 178 (Fed. Cir. 1994) ......... 5, 6, 7

*Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001) ...................................................... 4

*Life Point System, Inc. v. Cargill, Inc.*, 1997 U.S. Dist. LEXIS 22845 (N.D. Cal. Feb. 5, 1997) ........................................................................................................................ 6

*Lucent Technologies Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1180 (S.D. Cal. 2007) ......... 5

*Mesirow v. Pepperidge Farm, Inc.*, 703 F.2d 339 (9th Cir. 1983) ............................... 2, 10

*NFL Properties, Inc. v. Prostyle, Inc.*, 16 F. Supp. 2d 1012 (E.D. Wis. 1998) .................. 2

*Radobenko v. Automated Equipment Corp.*, 520 F.2d 540 (9th Cir. 1975) ..................... 10

*Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) ................................................ 8

*SRI International, Inc. v. Advanced Technology Laboratories, Inc.*, 127 F.3d 1462 (Fed. Cir. 1997) ................................................................................................................ 5

*Sentry Prot. Products v. Eagle Manufacturing Co.*, 400 F.3d 910 (Fed. Cir. 2005) ......... 4

*The Blandon*, 39 F.2d 933 (S.D.N.Y. 1929) ...................................................................... 8

*Thibeault v. Square D Co.*, 960 F.2d 239 (1st Cir. 1992) ................................................... 2

*United States v. Philip Morris Inc.*, 312 F. Supp. 2d 27 (D.D.C. 2004), *vacated on other grounds* ................................................................................................................ 8

*United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958) .......................................... 8

*Wingnut Films, Ltd. v. Katja Motion Pictures Corp.*, 2007 WL 2758571 (C.D. Cal. Sept. 18, 2007) .................................................................................................................. 8

## FEDERAL STATUTES

35 U.S.C. § 287 ..................................................................................................................... 1

35 U.S.C. § 287(a) ........................................................................................................ 1, 4, 5

28 U.S.C. § 2201 ................................................................................................................... 5

Fed. R. Civ. P. 26(g) ........................................................................................................... 11

Fed. R. Civ. P. 37(c)(1) ........................................................................................................ 8

1  This memorandum supports Ivax's motion alternatively to (a) preclude Depomed from
2  introducing evidence of damages before December 15, 2005 and strike Depomed's amended
3  discovery responses, or (b) reopen discovery and necessarily postpone the trial.[1]

## I. BACKGROUND AND SUMMARY

REDACTED

---

[1] "Ivax" refers collectively to defendants Ivax Corporation and Ivax Pharmaceuticals, Inc. "Depomed" is plaintiff Depomed, Inc.

[2] The factual statements in this memorandum are supported by the Declaration of Forrest A. Hainline III, filed herewith. The "Tab" references are to exhibits to the Hainline Declaration.

Defendants' Alternative Mot. to Reopen Discovery and Postpone Trial, or Preclude Evid. Of Damages
Case No. 06-0100 (CRB)
1

REDACTED

# REDACTED

**A.     The Patent Marking Statute**

The Marking Statute, 35 U.S.C. § 287(a), requires patentees to give proper notice of any patents covering their product(s). This is to ensure that a possible infringer knows of the patent and that its conduct is or would be considered infringement of the patent by the patentee. *See Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001). The Marking Statute states:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. <u>In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter</u>, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

Defendants' Alternative Mot. to Reopen Discovery and Postpone Trial, or Preclude Evid. Of Damages
Case No. 06-0100 (CRB)
4

35 U.S.C. § 287(a) (emphasis added). Thus, the statute provides a patentee with only two ways to provide proper notice. First, a patentee that sells a product covered by its patent (or has a product sold by a licensee under its patent) can mark that product or its packaging with the patent number. This constitutes constructive notice which satisfies § 287(a). Alternatively, the patentee can comply with § 287(a) by giving actual notice of patent infringement to the alleged infringer.

A patentee's failure to properly mark the patented product precludes the recovery of damages arising from any infringement prior to the time when the patentee gives actual notice of infringement to the accused infringer. *See* 35 U.S.C. § 287(a); *Amsted Indus. v. Buckeye Steel Casings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). "For purposes of section 287(a), notice must be of 'the infringement,' not merely notice of the patent's existence or ownership. Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Id.* "It is irrelevant . . . whether the defendant knew of the patent or knew of his own infringement. The correct approach to determining notice under section 287 must focus on the action of the patentee, not the knowledge or understanding of the infringer." *Id.*

Although actual notice may be achieved without creating a case of actual controversy under 28 U.S.C. § 2201, *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997), when letters are calculated "not to be threats sufficient to justify a declaratory judgment action, they also are not charges of infringement for 'notice' purposes." *Amsted Indus.*, 24 F.3d at 187.

Whether, as a matter of law, oral notice can satisfy the Marking Statute has not been decided by the Federal Circuit. The Southern District of California recently commented that it is an open question. *See Lucent Techs. Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1180, 1185 n.3 (S.D. Cal. 2007) ("As for whether as a matter of law oral notice is sufficient to satisfy 35 U.S.C. § 287(a), remains an unanswered question.").

REDACTED



| | | |
|---|---|---|
| 1 | Dated: February 25, 2008 | Respectfully submitted, |
| 2 | | SUTHERLAND ASBILL & BRENNAN LLP |
| 3 | | JOHN L. NORTH (Admitted Pro Hac Vice)<br>JEFFREY J. TONEY (Admitted Pro Hac Vice) |
| 4 | | WILLIAM F. LONG (Admitted Pro Hac Vice)<br>JACKIE L. TONEY (Admitted Pro Hac Vice) |
| 5 | | LESLIE K. SLAVICH (Admitted Pro Hac Vice) |
| 6 | | 999 Peachtree Street, NE<br>Atlanta, Georgia 30309-3996 |
| 7 | | Telephone: (404) 853-8000<br>Facsimile: (404) 853-8806 |
| 8 | | Email: John.North@sablaw.com<br>        Jeffrey.Toney@sablaw.com |
| 9 | |         Bill.Long@sablaw.com<br>        Jackie.Toney@sablaw.com |
| 10 | |         Leslie.Thomasson@sablaw.com |
| 11 | | GOODWIN PROCTER LLP<br>FORREST A. HAINLINE III (Bar No. 64166) |
| 12 | | SUSANNE N. GERAGHTY (Bar No. 218098)<br>Three Embarcadero Center, 24th Floor |
| 13 | | San Francisco, CA  94111<br>Telephone: (415) 733-6000 |
| 14 | | Facsimile: (415) 677-9041<br>Email: fhainline@goodwinprocter.com |
| 15 | | |
| 16 | | Attorneys for Defendants<br>IVAX, CORPORATION and<br>IVAX PHARMACEUTICALS, INC. |
| 17 | | |
| 18 | | |
| 19 | | By:  /s/ Forrest A. Hainline |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

Defendants' Alternative Mot. to Reopen Discovery and Postpone Trial, or Preclude Evid. Of Damages
Case No. 06-0100 (CRB)