MICHAEL K. PLIMACK (Bar No. 133869)
CHRISTINE SAUNDERS HASKETT (Bar No. 188053)
NATHAN E. SHAFROTH (Bar No. 232505)
ELENA M. DIMUZIO (Bar No. 239953)
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
Telephone: +1.415.772.6000
Facsimile: +1.415.772.6268
Email:  Michael.Plimack@hellerehrman.com
        Christine.Haskett@hellerehrman.com
        Nathan.Shafroth@hellerehrman.com
        Elena.DiMuzio@hellerehrman.com

Attorneys for Plaintiff
DEPOMED, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPOMED, INC., a California corporation,<br><br>                            Plaintiff,<br><br>    v.<br><br>IVAX CORPORATION, a Florida corporation, and IVAX PHARMACEUTICALS, INC., a Florida corporation,<br><br>                            Defendants. | Civil Action No.: C-06-0100 CRB<br><br>**PLAINTIFF DEPOMED, INC.'S NOTICE OF MOTION AND MOTION TO DISQUALIFY GOODWIN PROCTER, LLP**<br><br>Date:  March 14, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8, 19th Floor<br>Judge: Hon. Charles R. Breyer |

**PUBLIC VERSION**

PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. BACKGROUND ..................................................................................................................1

III. ARGUMENT ........................................................................................................................3

    A. Legal Standard for Disqualification. ........................................................................3

    B. Goodwin Must Be Disqualified From Representing Ivax in This Case Based on Mr. Ferruolo's Former Representation of Depomed in a Substantially Related Matter. ........................................................................................5

    C. Goodwin Must Be Disqualified Based on Ms. Dreger's Participation in the Instant Litigation. ........................................................................................................7

    D. Depomed Has Not Waived the Conflict of Interest Arising from the Prior Representation of Depomed by Mr. Ferruolo or Ms. Dreger. ..........................7

    E. Ivax Will Suffer No Prejudice as a Result of the Disqualification of Goodwin. .....................................................................................................................9

IV. CONCLUSION ...................................................................................................................10

**NOTICE OF MOTION AND MOTION**

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 14, 2008, at 10:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, Plaintiff Depomed, Inc. ("Depomed") will and hereby does move this Court to disqualify the law firm of Goodwin Procter, LLP ("Goodwin") from representing Defendants Ivax Corporation and Ivax Pharmaceuticals, Inc. (collectively, "Ivax") in this litigation.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying declarations of Matthew Gosling and Michael K. Plimack, the files and records in this case, and such other and further information as may be presented prior to or at any hearing on this motion.

## I. INTRODUCTION

Since July, 2006, Ivax has been represented in all substantive aspects of this case by Sutherland Asbill & Brennan, LLP ("Sutherland"). Sutherland alone has handled all of the discovery and depositions in the case, all hearings and other Court appearances, and all communications with Depomed's counsel. During this time, Goodwin's role in this case appears to have been limited to ministerial functions such as filing documents with the Court and sending an associate to sit silently during Court appearances.

**REDACTED**

Significantly, at exactly the same time that these two conflict-generating events occurred, Goodwin appears to be taking over the lead role in the litigation of this case. Goodwin's clear conflict of interest, which Depomed has not waived, requires that Goodwin be disqualified regardless of whether it is acting as lead counsel or as ministerial local counsel. The fact that Goodwin appears poised to take over Sutherland's role as lead counsel, however, simply underscores the need for Goodwin to be promptly removed from this case, in order to protect Depomed's sensitive and confidential information.[1]

## II. BACKGROUND

In January, 2002, Depomed filed a lawsuit, separate from the instant suit, against The Bristol-Myers Squibb Company ("BMS") alleging, *inter alia*, that BMS's Glucophage XR

---

[1] Depomed notified Goodwin on February 25, 2008 that Depomed planned to move to disqualify Goodwin from representing Ivax in this case due to Goodwin's conflict of interest, and asked that Goodwin agree to withdraw from the case voluntarily. Goodwin refused to do so. Plimack Decl. ¶ 2.

1
PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

1  metformin tablets infringed one of the same patents at issue in this case, U.S. Patent No. 6,340,475
2  ("the '475 patent"). The '475 patent concerns extended-release, gastric-retentive oral drug dosage
3  forms. Declaration of Michael K. Plimack in Support of Plaintiff's Motion to Disqualify Goodwin
4  Procter LLP ("Plimack Decl.") at ¶ 3. Depomed was represented by Heller Ehrman in the lawsuit
5  against BMS, which concluded in late 2002 with a settlement agreement and a license taken by
6  BMS to the '475 patent and any related patents. In the settlement agreement, BMS explicitly
7  refused to admit liability and therefore did not admit infringing Depomed's patent. Id. at ¶ 4.
8      Stephen Ferruolo was a shareholder at Heller Ehrman throughout the course of the
9  Depomed-BMS litigation.

**REDACTED**

11      *Id.* at ¶ 5.
12      In January, 2006, Depomed filed the complaint that began the instant lawsuit against Ivax
13  concerning Ivax's commercialization of a generic form of Glucophage XR. Depomed alleged
14  infringement of two patents, including the '475 patent at issue in the Depomed-BMS litigation.
15  From January, 2006 through July, 2006, Ivax was represented solely by the firm of Mayer, Brown,
16  Rowe, & Maw, LLP. However, in July and August, 2006, Ivax substituted Sutherland, and
17  Goodwin as local counsel, in place of Mayer, Brown. *Id.* at ¶ 7-8.
18      In February, 2007, Mr. Ferruolo departed Heller Ehrman and joined Goodwin as a partner.
19  *Id.* at ¶ 5.

**REDACTED**

. Declaration of Matthew Gosling in Support of

PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

Plaintiff's Motion to Disqualify Goodwin Procter LLP ("Gosling Decl.") at ¶¶ 1-3.[2]

**REDACTED**

On February 24, 2008, Ms. Dreger departed Heller Ehrman and subsequently joined Goodwin as a partner. *Id.* ¶ 12.

### III.  ARGUMENT

#### A.  Legal Standard for Disqualification.

Motions to disqualify counsel are decided under state law. *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). The decision to disqualify counsel for a conflict of interest is within the trial court's discretion. *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980). The Rule relevant to motions to disqualify is Rule 3-310(E) of the Rules of Professional Conduct of the State Bar of California, which states:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

---

[2] Gosling Decl. ¶ 5.

3
PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

Prof. Conduct, Rule 3-310 (E). Where an attorney violates this rule by successively representing clients with adverse interests, and where the subjects of the two representations are substantially related, the need to protect the first client's confidential information requires that the attorney be disqualified from the second representation. *Largo Concrete, Inc. v. Liberty Mut. Fire Ins. Co.*, No. C 07-04651, 2007 U.S. Dist. LEXIS 95690, at *6 (N.D. Cal. Dec. 31, 2007) (Breyer, J.); *People ex rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1146 (1999); *Flatt v. Superior Ct.*, 9 Cal. 4th 275, 283 (1994) ("When, as here, the alleged conflict of interest arises from successive representation of clients with potentially adverse interests, the principal question is whether there is a 'substantial relationship' between the subjects of the former and current relationships."). *See e.g., Levi Strauss & Co. v. Abercrombie & Fitch Trading Co.*, No. C 07-04651 (Breyer, J.), 2007 U.S. Dist. LEXIS 83150 at *8-9 (N.D. Cal. October 29, 2007). Furthermore, the established rule in California is that where an attorney is disqualified from representing a client because that attorney had previously represented a party with adverse interests in a substantially related matter, that attorney's entire firm must be disqualified as well, regardless of efforts to erect an "ethical wall." *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1161 (N.D. Cal 2006) (Breyer, J.).

In determining the existence of a "substantial relationship" between two matters, the court should determine the extent of the similarities between the two factual situations, the legal questions posed, and the nature and extent of the attorney's involvement. *Morrison Knudsen Corp. v. Hancock, Rothert & Bunshoft*, 69 Cal. App. 4th 223, 234 (1999) (*citing H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, 229 Cal. App. 3d 1445, 1452 (1991)). For a substantial relationship to exist, it must be shown that the information from the prior representation is material to the current employment. *Morrison*, 69 Cal. App. 4th at 234 (*citing* Rule 3-310(E)). This review requires an examination of the time spent by the attorney on the earlier case, the type of work performed, and the attorney's possible exposure to formulation of policy or strategy. *Id.*

> Successive representations are substantially related where the facts support a 'rational conclusion that information material to the evaluation, prosecution, settlement or accomplishment of the former representation given its factual and legal issues is also material to the evaluation, prosecution, settlement or accomplishment of the current representation given its factual and legal issues. Where the requisite

4
PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

1
2
substantial relationship exists', access to confidential information by the attorney in the course of the first representation (relevant, by definition, to the second representation) is presumed and disqualification of the attorney's representation of the second client is mandatory.

3
4 *Levi Strauss & Co,* 2007 U.S. Dist. LEXIS 83150 at *8-9 (citations and emphasis omitted); *Trone,*
5 621 F.2d at 998 ("Substantiality is present if the factual contexts of the two representations are
6 similar or related."); *see also I-Enterprise Co. LLC v. Draper Fisher Jurvetson Management Co.,*
7 No. C-03-1561 MMC, 2005 U.S. Dist. LEXIS 45190 (N.D. Cal. April 4, 2005).

8 **B.**

9
10
11
12
13
14
15
16
17
18 **REDACTED**
19
20
21
22
23
24
25
26
27
28

5
PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

1
2
3
4
5
6
7
8
9
10
11              **REDACTED**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 1 | |
|---|---|
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | **REDACTED** |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

1
2
3
4
5
6
7
8
9
10
11
12    REDACTED
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

8
PLAINTIFF DEPOMED, INC.'S MOTION TO DISQUALIFY GOODWIN PROCTER LLP.
C-06-0100 CRB

**REDACTED**

### E. Ivax Will Suffer No Prejudice as a Result of the Disqualification of Goodwin.

Although Depomed need not demonstrate a lack of prejudice to Ivax from the remedy sought, here there is none. As mentioned above, throughout the pendency of this action, Ivax's lead counsel has been the Sutherland firm. Sutherland has taken all discovery in the case (including all depositions), has submitted all of the expert reports in the case, has handled all of the substantive briefing in the case, and has conducted all of the hearings and other Court appearances. Furthermore, until two weeks ago, Goodwin had not participated in any substantive emails, telephone calls, written correspondence, or any other aspect of this litigation. In effect, Goodwin has acted as ministerial local counsel for the entirety of this action, until now. Plimack Decl. ¶ 15.

Disqualification of Goodwin from this case would not prejudice Ivax in its defense of the case because Sutherland, as Ivax's lead counsel, will continue its representation in this matter. Sutherland has had at least three partners and three associates participating in all aspects of this case for almost two years, and is certainly in a position to handle the trial of the matter. *Id.* ¶ 15. But under this Court's precedent, Goodwin's disqualification would be required even if the harshness of this remedy were not tempered by Sutherland's continuing representation of Ivax:

> There can be no dispute that the remedy of disqualification is a harsh one, particularly when it comes late in the litigation. The Court, however, has located no case in which disqualification has been denied based on such grounds. Indeed, in [one case], the California Court of Appeal rejected arguments of prejudice and financial hardship and affirmed disqualification of counsel two-and-a-half years into the litigation, at a stage when the case was ready for trial.

*I-Enterprise Co. LLC*, 2005 U.S. Dist. LEXIS, at *26 (citing *Henriksen v. Great American Savings & Loan*, 11 Cal. App. 4th 109 (1992)).

Goodwin must be disqualified from representing Ivax in this litigation based on both Mr.

1  Ferruolo's and Ms. Dreger's participation in matters related to Depomed.  Now that Ivax has made
2  an issue of the Depomed-BMS settlement, the instant lawsuit is substantially related to the
3  circumstances surrounding that settlement agreement and patent license, in which Mr. Ferruolo
4  played a major part.  Mr. Ferruolo received confidential Depomed information, and that knowledge
5  is imputed to the entire Goodwin firm.  Furthermore, Ms. Dreger participated directly in the
6  ongoing litigation between Depomed and Ivax and was privy to confidential client information as a
7  result, which also is imputed to Goodwin.  Goodwin's current representation of Ivax is therefore in
8  violation of Rule 3-310, and Goodwin must be disqualified accordingly.

## IV.  CONCLUSION

Based on the foregoing, Depomed respectfully requests that its motion to disqualify Goodwin Procter LLP from this case be granted.  Depomed further respectfully requests, in order to protect Depomed's confidential information, that the Court issue an Order that no Goodwin work product be utilized by Ivax in any further proceedings in this case.

DATED: February 27, 2008                    HELLER EHRMAN LLP


                                            By s/ Michael K. Plimack
                                               MICHAEL K. PLIMACK

                                            Attorneys for Plaintiff
                                            DEPOMED, INC.